UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TREMONTI PERRY, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 4:07CV440 RWS |
| | ) |
| TROY STEELE, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

This matter is before me on the petition for writ of habeas corpus filed by petitioner Tremonti Perry. I referred this matter to United States Magistrate Judge David D. Noce for a report and recommendation on all dispositive matters pursuant to 28 U.S.C. § 636(b). On January 19, 2010, Judge Noce filed his recommendation that petitioner's habeas petition should be denied.

Petitioner objects to Judge Noce's Report and Recommendation on Ground 5 of his habeas petition. In his objections, petitioner argues that Judge Noce's analysis of his ineffective assistance of counsel claim is wrong. I have conducted a de novo review of all matters in the file relevant to the objection. After careful consideration, I will adopt and sustain the thorough reasoning of Magistrate Judge Noce and will deny petitioner's habeas petition.

Judge Noce correctly determined that Grounds 5 of petitioner's habeas petition fails. First, petitioner misconstrues Judge Noce's Report and Recommendation by improperly claiming that "the Court did not dispute the fact that . . . trial counsel's performance . . . constituted deficient performance." In pages 7 through 11 of his Report and Recommendation, Judge Noce correctly concluded that trial counsel was not constitutionally ineffective for failing to move to strike venireperson S.J. Judge Noce correctly applied the law and determined that "defense counsel's failure to do followup questioning was not below the constitutional standard." Because there was no deficient performance, petitioner's ineffective assistance of counsel claim fails as a matter of law. See Engelen v. United States, 68 F.3d 238, 241 (8th Cir. 1995) (holding that the court need not address both components if the movant makes an insufficient showing on one of the prongs). For this reason, petitioner's objections regarding Judge Noce's prejudice analysis would not entitle him to habeas relief.

However, Judge Noce correctly decided that petitioner suffered no prejudice under Strickland, either. Petitioner's argument that Judge Noce's Report and Recommendation is erroneous because he did not distinguish a case from another circuit court is wrong. Judge Noce properly applied the law and correctly concluded that Ground 5 of petitioner's habeas petition should be denied. For

these reasons, I am overruling petitioner's objections to the Report and Recommendation and will deny habeas relief for the reasons stated in the Report and Recommendation.

I have also considered whether to issue a certificate of appealability. To grant a certificate of appealability, the Court must find a substantial showing of the denial of a federal constitutional right. See Tiedeman v. Benson, 122 F.3d 518, 522 (8th Cir. 1997). A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings. Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997) (citing Flieger v. Delo, 16 F.3d 878, 882-83 (8th Cir. 1994).

Petitioner has not made such a showing. Therefore, I will not issue a certificate of appealability.

Accordingly,

**IT IS HEREBY ORDERED** that the Report and Recommendation filed on January 19, 2010 [#29] is adopted and sustained in its entirety.

**IT IS FURTHER ORDERED** that petitioner's objections to the Report and Recommendation [#30] are overruled in their entirety.

**IT IS FURTHER ORDERED** that Petitioner Tremonti Perry's Petition for Writ of Habeas Corpus [#1] is **DENIED**.

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability.

A separate judgment in accordance with this Memorandum and Order is entered this same date.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 1st day of February, 2010.